UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**LAWRENCE BERNARD**                                      MDL NO. _____

**VERSUS**

**R.J. DAIGLE AND SONS**                                  SECTION: _____
**CONTRACTORS, INC.**

FILED:_____   DEPUTY CLERK: _____

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes complainant, Lawrence Bernard, for the purpose of petitioning this Honorable Court for damages, and who with all due respect for the Court represents the following:

I.

This is an action under Titles I and V of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. ("ADA"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Title VII of the Civil Rights Act of 1964 (PUB. L. 88-352)(Title VII), as amended, as it appears in volume 42 of the United States Code, beginning at section 2000e, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Lawrence Bernard. As alleged with greater particularity below, Plaintiff, the Lawrence Bernard, asserts three claims against R.J. Daigle and Sons Contractors, Inc. The first claim alleges R.J. Daigle refused to provide reasonable accommodation of Mr. Bernard's disability. The second claim contends R.J. Daigle discharged Mr. Bernard in retaliation for requesting reasonable accommodations. The third claim contends that R.J. Daigle moved to terminate Mr. Bernard on the basis of his race.

II.

Complainant, Lawrence Bernard, is a person of the full age of majority and a resident and domiciliary of East Baton Rouge Parish, State of Louisiana.

III.

The complainant names the following party as a defendant to this action:

A. **R.J. Daigle and Sons Contractors, Inc.,** a domestic corporation which maintains a registered domicile address of 1107 E. Highway 30 with the Louisiana Secretary of State. R.J. Daigle and Sons Contractors, Inc. has appointed Vance Daigle as its registered agent and Mr. Daigle maintains a registered address for service at 1107 E. Highway 30 in Gonzales, LA 70737.

IV.

The defendant is liable to plaintiff for the damages and injuries sustained in amounts commensurate with the damages occasioned, together with legal interest from the date of judicial demand and for all costs of these proceedings.

V.

On or about October 11, 2017, at approximately 10:30 a.m. the Plaintiff, Lawrence Bernard, was struck by a 2006 Sterling Dump Truck, owned by R & C Trucking, LLC, and operated by Richard Kemp. At the time the Plaintiff was struck he was in the course and scope of his employment with RJ Daigle and Sons. The Plaintiff was operating heavy equipment, more particularly described as a "paver", when the Sterling Dump Truck impacted his right side and knocked him out of the operating chair.

VI.

As a result of the accident, the plaintiff was forced to miss several months at work because he fractured one rib and sustained multi-level posterior disc bulging in his lumbar spine. The insurer for RJ Daigle and Sons Contractors, Inc., hereinafter named Louisiana Workers' Compensation Corporation, agreed to pay Mr. Bernard workers compensation and indemnity benefits and paid workers compensation and indemnity benefits for a period of approximately six months after the accident.

VII.

Mr. Bernard was released to light duty work and he agreed to return to work for RJ Daigle and Sons Contractors, Inc. in a light duty capacity in March of 2018; however, immediately upon returning to work for RJ Daigle and Sons Contractors, Inc. Mr. Bernard was subjected to a hostile work environment and he was denied reasonable accommodations protected by the Americans with Disabilities Act.

VIII.

RJ Daigle and Sons Contractors, Inc. forced Mr. Bernard out of the light duty "paver" position and demanded that he work as a general laborer raking and shoveling cement. The "paver" position allowed Mr. Bernard to remain seated while carrying out his employment duties. The new general labor position was beyond the scope of suitable duties recommended by the treating physician and the position failed to constitute a reasonable accommodation as contemplated under the Americans with Disabilities Act.

IX.

Mr. Bernard's employer and its insurer were aware of Mr. Bernard's restrictions and agreed that Mr. Bernard could work in a light duty capacity upon his return to work for R.J.

Daigle and Sons Contractors, Inc.; nevertheless, R.J. Daigle and Sons Contractors, Inc. soon demanded that Mr. Bernard violate his work restrictions in order to maintain employment with R.J. Daigle and Sons Contractors, Inc.

X.

Mr. Bernard was initially provided a chair to accommodate this disability; however, the workplace chair was taken from him only a few days after returning to work. Mr. Bernard was also told he could not alternate between standing and sitting as ordered by the doctors.

XI.

There was no good reason for RJ Daigle and Sons Contractors, Inc. to remove Mr. Bernard from the light duty "operator" position and the defendant's attempt to guise Mr. Bernard's new general laborer position as an accommodation was a ploy and a mockery to Mr. Bernard's civil rights.

XII.

RJ Daigle and Sons Contractors, Inc. retaliated against Lawrence Bernard because Mr. Bernard filed a claim for workers compensation related to the October 11, 2017, accident. Additionally, RJ Daigle and Sons Contractors, Inc. trotted Mr. Bernard around the worksite from place to place and gave Mr. Bernard conflicting orders from various supervisors in an effort to make it impossible to satisfy work requirements. RJ Daigle and Sons Contractors, Inc. actions were clearly intended to discourage Mr. Bernard's employment with the company or otherwise subject Mr. Bernard to retaliatory punishment scheme for making a claim against the company.

XIII.

RJ Daigle and Sons Contractors, Inc. failed to do the following:

(1) Engage in an interactive process with Mr. Bernard;

(2) Engage in an interactive process with Mr. Bernard once he requested reasonable accommodation of his disability; and

(3) Make reasonable accommodations to the known physical limitations of Mr. Bernard.

XIV.

RJ Daigle and Sons Contractors, Inc. has engaged in an unlawful retaliatory practice against Mr. Bernard for conduct protected under the A.D.A.

XV.

RJ Daigle and Sons Contractors, Inc. violated Section 503(a) of Title V of the ADA, 42 U.S.C. § 12203(a):

(1) By not allowing Mr. Bernard to return to work until he could return full-time with no restrictions or need for accommodations; and/or

(2) By discharging Mr. Bernard from his employment on or about May 23, 2018.

XVI.

A causal connection exists between Ms. Adams' protected activity and RJ Daigle and Sons Contractors, Inc. materially adverse actions; i.e., RJ Daigle and Sons Contractors, Inc. discharged Mr. Bernard because he requested or required reasonable accommodations.

XVII.

The unlawful employment practices complained of in the paragraphs above were and are intentional.

XVIII.

The unlawful employment practices complained of in the paragraphs above were and are done with malice or with reckless indifference to the federally protected rights of Lawrence Bernard.

XIX.

Since at least May 23, 2018, if not earlier, and continuing until today, RJ Daigle and Sons Contractors, Inc. discriminated, and continues to discriminate, against Mr. Bernard, its former employee, in Louisiana, because of his disability – multilevel posterior disc bulging – by not making reasonable accommodations to the known physical limitations of Mr. Bernard, an otherwise qualified individual with a disability, in violation of Section 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A). Since at least May 23, 2018, if not earlier, and continuing until today, RJ Daigle and Sons Contractors, Inc. discriminated, and continues to discriminate, against Mr. Bernard, its former employee, in Louisiana, because of his race – African American.

XX.

Mr. Bernard is a disabled person within the meaning of the ADA.

XXI.

Mr. Bernard suffers with severe spinal pain related to multilevel posterior bulging.

XXII.

Mr. Bernard's disability substantially limits several of his major life activities, including walking, sitting, sleeping, bending, pulling, and lifting.

XXIII.

Mr. Bernard believes he is able to perform the essential job functions of operator - the last position he held and performed successfully prior to his injury, and as reflected by all performance evaluations done by RJ Daigle and Sons Contractors, Inc. and its employees. Mr. Bernard believes he can perform these functions with a few reasonable accommodations; however, Mr. Bernard was denied the opportunity to work in this capacity upon his return to

work with RJ Daigle and Sons Contractors, Inc. and he continues to be discriminated against for circumstances beyond his control.

XXIV.

EEOC Charge No. 461-2018-02239 was brought by Lawrence Bernard and a Dismissal and Notice of Rights was mailed to Mr. Bernard on October 25, 2018. The EEOC conducted an investigation and issued the following statement: "Based on its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."

XXV.

This complaint is timely filed within 90 days of Mr. Bernard's receipt of the forgoing notice of rights.

XXVI.

Plaintiff, Lawrence Bernard, alleges the following general and specific damages for which he is entitled to recover in an amount calculated to adequately compensate him for the injuries and damages sustained in amounts to be determined at trial:

a) Compensation for past, present, and future pecuniary losses resulting from unlawful employment practices described in the paragraphs above;

b) Job search expenses, lost insurance policies, out-of-pocket medical expenses in amounts to be determined at trial;

c) Past, present, and future mental anguish in amounts to be determined at trial;

d) Past, present, and future emotional distress in amounts to be determined at trial;

e) Past, present, and future psychological damages in amounts to be determined at trial;

f) Loss wages in amounts to be determined at trial;

g) Loss enjoyment of life in amounts to be determined at trial;

h) Punitive damages for the malicious or recklessly indifferent contact, as described in the paragraphs above, in amounts to be determined at trial; and

i) All costs of this action in amounts to be determined at trial.

**WHEREFORE**, Plaintiff, Lawrence Bernard prays that the defendant be duly cited and served with a copy of this Petition for Damages, to appear and answer same and, after all legal delays and due proceedings are had, that there be judgment herein in favor of the Plaintiff, Lawrence Bernard, and against the defendant, RJ Daigle and Sons Contractors, Inc., in a full and true sum calculated to compensate the Plaintiffs for the damages complained of herein, along with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, and for all general and equitable relief this Court deems necessary and proper.

Respectfully submitted,

FAUCHEUX LAW FIRM

s/Robert R. Faucheux, Jr.
Robert R. Faucheux, Jr. – 5468
Christophe L. Faucheux – 36452
Lindsay M. Faucheux – 37115
P.O. Box 1960 (70069)
197 Belle Terre Blvd.
LaPlace, LA 70068
Phone: (985) 651-2889
Facsimile: (985) 651-0151
robert@faucheuxlaw.com

**PLEASE SERVE:**

R.J. Daigle & Sons, Inc.
Through Its Agent for Service:
Vance Daigle
1107 E. Hwy. 30
Gonzales, LA 70737